UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH FLOYD PRUTTING

    Petitioner,

v.                                                   CASE NO.  8:16-cv-1673-T-24TGW
                                                                     8:92-cr-271-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

    Before the Court is Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C.§ 2255. After due consideration, the Court finds Petitioner's motion is untimely and should be dismissed.

**Background**

    In 1993, Petitioner was convicted of being a felon in possession of a firearm and sentenced to 264 months of imprisonment. He was sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA") based on three prior robbery convictions in the state of Connecticut: second degree robbery committed on October 22, 1980, and first degree robberies committed on May 16, 1981 and July 11, 1983. He filed a direct appeal, and the Eleventh Circuit affirmed in July, 1994. In this § 2255 motion, he challenges his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015).

    Petitioner filed a pro-se Motion To Borrow the Record in order to File a Post Conviction Relief Claim under Johnson on February 8, 2016. The Court denied that motion but appointed the Federal Public Defender to pursue whatever post-conviction relief that is appropriate under

Johnson. On June 20, 2016, Petitioner, represented by counsel, filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (Cv. Dkt. 1). On August 23, 2016, Petitioner filed a memorandum of law in support of his § 2255 motion, and the United States filed a response in opposition to the § 2255 motion on September 12, 2016.

**Legal Standard**

To obtain relief under 28 U. S. C. § 2255, a prisoner in federal custody must show that his sentence was imposed in violation of the Constitution or the laws of the United States, or that the Court lacked jurisdiction to impose such a sentence, or that the sentence exceeded the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner bares the burden of proving he is entitled to relief. Coon v. United States, 441 F.2d 279, 280 (5th Cir. 1971.)

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for filing a § 2255 motion. Lopez v. United States, 512 F. App'x 1001, 1003 (11th Cir. 2013) (citing 28 U.S.C. § 2255(f)). The one-year period runs from the latest of the following four events:

>    (1)    the date on which the judgment of conviction becomes final;
>
>    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

### Discussion

Petitioner's § 2255 motion contains one ground for relief: he contends that his sentence under § 924(e), the ACCA, is unconstitutional and should be vacated as his prior Connecticut convictions for robbery can no longer qualify as violent felonies based on Johnson v. United States, 135 S. Ct. 2551 (2015), and Descamps v. United States, 133 S. Ct. 2276 (2013). Petitioner's claim for relief rests on the decision in Johnson, in which the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016).

Petitioner and the Government agree on the statutory definition of robbery that was in effect during all three of Petitioner's prior robbery convictions.

>   A person commits robbery when, in the course of committing a larceny, *he uses or threatens the immediate use of physical force upon another person* for the purpose of: (1) preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

Conn. Gen. Stat. § 53a-133 (emphasis added).

Convictions for both first and second degree robbery under Connecticut's robbery statute, Conn. Gen. Stat. § 53a-133, qualify as violent felonies under the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), in that they have an element of use, attempted use, or threatened use of

physical force against the person of another. U.S. v. Wiggan, 530 Fed. Appx. 51, 57 (2d Cir. 2013). ("So defined, first degree robbery under Connecticut law falls squarely within the first prong of the definition of 'violent felony,' which covers offenses having 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"; see also Carter v. United States, 731 F. Supp. 2d 262, 273 (D. Conn. 2010) ("Because an essential element of this offense is the use or threatened use of physical force upon another person, it is categorically a violent felony under the ACCA."); Williams v. United States, No. 3:14cv866 (JBA), 2015 WL 1814436, at *2 (D. Conn. Apr. 17, 2015) ("[R]obbery, as it is defined under Connecticut law, qualifies as a violent felony under the ACCA.") (citing Conn. Gen. Stat. § 53a-133); Harrington v. United States, No. 3:08cv01864 (SRU), 2011 WL 1790175, at *6 (D. Conn. May 10, 2011) (quoting § 53a-133's definition and then concluding that "[b]y its very definition, then, a Connecticut conviction for robbery constitutes a violent felony under the ACCA").

Petitioner's motion is time-barred under U.S.C. § 2255(f)'s one year period of limitations. He filed his motion on April 8, 2016, and he was sentenced in 1993. Therefore, the motion is untimely under § 2255(f)(1). Johnson provides Petitioner no relief under § 2255(f)(3). His motion is due to be dismissed.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1)  Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 64) is **DISMISSED**.

(2)  The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

**DONE AND ORDERED** at Tampa, Florida, on November 2, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record